# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAVIA PARROTT, <br><br> Plaintiff, <br><br> v. <br><br> REGIONAL ACCEPTANCE CORPORATION, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-05706 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Tavia Parrott ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Regional Acceptance Corporation ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a domestic corporation with its principal place of business located 1424 East Fire Tower Road, Greenville, North Carolina 27858. Defendant specializes in financing automobile loans for consumer across the country and regularly works with consumers residing in Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Around September 2012, Plaintiff received an auto loan from Defendant, which she used to purchase a 2011 Toyota Camry.

8. In December 2018, Plaintiff began suffering from financial hardship, and fell behind on the auto loan ("subject debt").

9. In February 2019, Plaintiff began receiving collection calls from Defendant, to her cellular phone number, (708) XXX-9114.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9114. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant called Plaintiff from (800) 909-6467 and (877) 722-7299, but upon information and belief, Defendant may have used other phone numbers to contact Plaintiff.

12. In early February 2019, Plaintiff answered the phone and spoke with a representative of Defendant. During this call, Defendant's representative asked Plaintiff for permission to continue calling Plaintiff using an "autodialer." Plaintiff responded with a resounding no, demanding that all calls to her cellular phone cease.

13. Subsequently, Plaintiff answered numerous collection calls from Defendant and requested that the calls cease.

14. Notwithstanding Plaintiff's requests that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between February 2019 and the present day.

15. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt. Once a live agent answered, Plaintiff heard noises indicative of a call center in the background of each call.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by calling several times throughout the week.

**DAMAGES**

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

29. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between February 2019 and the present day, using an ATDS without her consent.

30. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and

knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff TAVIA PARROTT respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 26, 2019

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com